**UNITED STATES of America, ex rel., Lemuel A. HARLAN, Plaintiff,**

v.

**Harold BACON, Bonnie Bacon, John Bacon and Kelly Bacon, Defendants.**

No. C90–4071.

United States District Court, N.D. Iowa, Western Division.

March 19, 1993.

Robert L. Sikma, Sioux City, IA, for plaintiff.

Richard D. Crotty, Council Bluffs, IA, William C. Stanek, Omaha, NE, for defendants.

### ORDER

DONALD E. O'BRIEN, Senior District Judge.

This matter comes before the Court on cross-motions for summary judgment. After careful consideration of the written and oral arguments, the Court finds that defendants' motion for summary judgment should be granted and plaintiff's motion for summary judgment denied.

### I. BACKGROUND.

By previous order of the Court, the parties were directed to file cross-motions for summary judgment. In that same order, the Court noted that there were "no material questions of fact that need to be resolved. It is undisputed that defendants leased farm land from the Omaha Indian Tribe for the years 1986 through 1990. It is undisputed that none of the leases bore the approval of

the Secretary of the Interior and Commissioner of Indian Affairs. The only remaining question that needs to be resolved is whether these leases were in violation of 25 U.S.C. § 81."

The case involves leases held by the Bacons to grow crops on Indian land. The defendants leased approximately 1900 acres of land from the Omaha Indian Tribe (the "Tribe") from 1986 through 1990. The lease was signed by representatives of the Tribe and by the Bacons. The Bacons farmed the land on a sharecrop basis. The Tribe never complained about deficiencies in crops or income, nor about improprieties with the lease.

## II. STANDARD FOR SUMMARY JUDGMENT.

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(e) requires the nonmoving party to go beyond the pleadings and by affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); *Continental Grain Co. v. Frank Seitzinger Storage*, 837 F.2d 836, 838 (8th Cir.1988). The matter currently before the Court involves a legal question only, making summary judgment appropriate.

## III. DISCUSSION.

Plaintiff asserts that this case is controlled by the provisions of 25 U.S.C. § 81, and not by any other section under Title 25. Section 81 provides that contracts for payment of money in consideration of services provided to Indians or Indian tribes relative to their lands is null and void unless approved by the Secretary of the Interior and the Commissioner of Indian Affairs. 25 U.S.C. § 81. Plaintiff asserts that § 81 does apply to or has been applied to farming leases, relying on *Inecon Agricorporation v. Tribal Farms Inc.*, 656 F.2d 498 (10th Cir.1981). Plaintiff further contends § 81 should be interpreted broadly in light of the trust relationship between the United States and Native Americans. *Montana Bank of Circle, N.A. v. United States*, 7 Cl.Ct. 601 (1985); *Narragansett Indian Tribe v. Ribo, Inc.*, 686 F.Supp. 48 (D.R.I.1988). According to plaintiff, application of these principles should result in summary judgment in plaintiff's favor.

The defendants, Harold Bacon, Bonnie Bacon, John Bacon, and Kelly Bacon, have moved for summary judgment and responded to plaintiff's motion. In their motion, defendants assert that their lease does not fall within the ambit of § 81 because it is not in consideration of personal services for the Tribe, relying on *Cherokee Strip Live–Stock Ass'n v. Cass Land & Cattle Co.*, 138 Mo. 394, 40 S.W. 107, 109 (1897) (holding that old § 2103, the precursor to § 81, does not apply to farm leases). Defendants also assert that the Commissioner approved no amount of money or other thing of value to be paid to the Bacons by the Tribe, therefore, there is no "excess of the amount approved by the Commissioner" to be recovered by the plaintiff. Finally, defendants assert that plaintiff's claim is barred by the equitable defenses of laches, estoppel, waiver, and unclean hands.

In their response to plaintiff's motion, defendants reiterate their position that this case does not fall under § 81 because a farm lease is not an agreement in consideration of services for the Indians. Defendants also argue that plaintiff's cases, notably *Inecon* and *Narragansett*, do not stand for a contrary proposition. With regard to the *Inecon* case, defendants assert that the case involved land development and management contracts which are services contracts. Further, defendants argue that the *Inecon* court did not reach the § 81 question. In other words, *Inecon* is factually distinguishable *and* did not address the issue before this Court.

With regard to the *Narragansett* case, defendants argue that it too is factually distinguishable as it involved bingo management agreements which are services agreements.

Defendants concede that *Narragansett* says § 81 is to be construed broadly, but quickly reply that the case does not say § 81 is to be applied outside of its specific statutory language. Also in relation to the *Narragansett* case, defendants note that the court ruled that when a contract is void it will leave the parties as they stand. 686 F.Supp. at 52. Defendants conclude that they appear to cite the only case on point, *Cherokee Strip,* and it is in their favor.

The Court is persuaded that defendants' motion for summary judgment should be granted. Section 81 by its terms applies to services in relation to Indian lands. Leases of land are not services in relation to land within the meaning of § 81. *Cherokee Strip,* 138 Mo. at 402–05, 40 S.W. at 109. Despite the fact that *Cherokee Strip* was decided by the Missouri Supreme Court in 1897, it is the only case this Court has found that is on all fours with the facts surrounding the Bacons' lease. The reasoning of the Missouri Supreme Court retains its persuasiveness, as it involved the precursor statute to § 81 and the controlling language has not changed. The Missouri Supreme Court found that leases of land simply were not covered by the plain language of § 81. *Id.*

Another central tenet in the Missouri Supreme Court's reasoning was that other code sections related specifically to land leases hence it was not appropriate to also squeeze land lease cases under § 81. *Id.* Indeed, the Missouri Supreme Court ultimately found the lease between the plaintiff and the Tribe invalid on the basis of a different code section (old § 2116, predecessor to current § 177), but ruled that that code section did not alter the contractual arrangement between the plaintiff and the defendant, which was not the Tribe but a sublettor. This Court found that reasoning especially persuasive when extensive research failed to turn up any contrary case law with regard to § 81 and land leases, but did turn up several cases which reference several other code sections specifically addressing leases. It is not surprising then that the cases invalidating contracts under § 81 involve bingo management contracts, land development contracts, attorney fee contracts, or the like, but do not involve

leases of land for farming purposes. The lease between the Bacons and the Omaha Tribe it is not invalid under § 81. Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment is granted and plaintiff's motion for summary judgment is denied. The Clerk of the Court is directed to enter judgment in favor of defendants Harold Bacon, Bonnie Bacon, John Bacon, and Kelly Bacon.